The court will proceed to the fourth case, the United States v. Dewitt. Mr. Woodward. Thank you, Your Honor. Good morning. May it please the court, counsel. My name is Brian Woodward. I represent the defendant, Shawn Dewitt. Mr. Dewitt was convicted of three counts of three-count indictment, charging him with distribution, production, and possession of child pornography. Counted issue here is count one. The distribution count, of course, has three elements, the knowingly distributed, a visual depiction, depicting a minor engaged in sexually explicit conduct. The issue here is whether or if or when expert testimony may be required to prove that the individuals depicted in those visual depictions are, in fact, minors. Is this a sufficiency of the evidence argument or an admissibility argument? This is a, I think it's a sufficiency argument. So you're appealing the denial of your Rule 29 motion? We are appealing the denial of the Rule 29 motion. You're not contesting the admissibility of the photographs? As a gatekeeper, if in fact expert testimony is required in this particular case, and if in fact that evidence was admitted over objection, which it was, then there was no evidence. Why would expert testimony be necessary for admissibility? Admissibility just depends on laying a foundation for the authenticity of the exhibit. Expert testimony goes to the question of whether what is depicted in the picture actually meets the definition of the forbidden contraband, the child pornography. The authenticity analysis, also the second part of that is that the photograph is what it purports to be, and that is in order to be admissible or relevant, it has to depict a minor. Otherwise, it's irrelevant. So the merits issue about whether the images in question are of minors is determinant of the admissibility question? I think so. Otherwise, it becomes 404B evidence, I believe, which there was, that's not even the issue here. These are the charged images, right? We're talking about the images that were alleged in the indictment? There were two exhibits specifically referenced, as to count one, both acknowledged by the government and discussed by the court. There were exhibits eight and nine. That's what this dispute is about. Those are the two. That's what this dispute is about. Right. So we're not talking about 404B, other acts. We're talking about the actual charged crimes. No, we were talking about the hypothetical, I think, that Your Honor was alluding to. I wasn't asking a 404B hypothetical. I was trying to properly conceptualize your argument because it was not clear to me from the briefing, whether this is a challenge to admissibility or whether this is a challenge to the denial of the Rule 29 motion, which has to do with sufficiency of the evidence. Those are two different things. They are two different things, but I think if the evidence is inadmissible because there wasn't sufficient foundation laid for its admissibility, then the Rule 29 motion should have been granted because there's no other evidence. No doubt. But which argument are you making? I think it's the abuse of discretion under the admissibility. In admitting the photos? Because if that falls, then the Rule 29 motion carries. Clear as mud. Clear as mud, Your Honor. Okay. So, I've got to tell you, I mean, I don't know if it's clear or not, but I mean, I sure, the impression I took away from the briefs was that you were arguing that Exhibits 8 and 9 were just insufficient to prove, you know, the age aspect of this, whether the images depicted minors, and so I very much thought of this as you saying there was insufficient evidence for a conviction here. Well, I think it's both. I think they are insufficient on one hand, and they were inadmissible on the other hand because they didn't depict minors. The question is— I don't know if that makes them inadmissible. Doesn't it just mean—I mean, it's going to be—the jury can make a finding on it. Close question. Debatable. The jury can find whether they're a minor. If they are, convicted. If not, acquitted. I don't think a jury could make a determination in this particular case that these were, in fact, minors. I think that's the whole issue that we're addressing here because the Seventh Circuit has never addressed in this particular circumstance how this may play out. Now, the District Court alluded to opinions from other circuits, none of which are in this procedural posture, that is, an appeal after a conviction and when expert testimony may or may not be necessary to prove a minor is actually depicted in the photograph. So you don't think when you look at the different contextual evidence here, you know, your client's stated interest in developmental girls, the content of the chat message with the agent, that there's just absolutely no basis whatsoever for a jury to make a finding that the depicted individuals are minors? I respectfully disagree that this particular gentleman's predilections or statements had any bearing upon whether or not the photographs depicted were, in fact, child pornography. Seriously? Seriously. And there's a number of reasons for that. The evidence was clear, I think, at the trial and through the discovery and so forth that Mr. DeWitt had not engaged in this type of behavior for maybe more than a week prior to being captured because—and I'll explain why. Are you actually going to stand there and make this argument with a straight face? Mr. DeWitt is mentally handicapped. He suffered a—he had a tumor at a young age, which required several, several surgeries. He does not function at the same level as an individual his age would function. You've got to remember, all this evidence was from his cell phone. And he admitted during the interrogation with the agent that he had images, naked images of prepubescent children on his phone. That's an additional data point that suggests that expert testimony is not going to be necessary in this case. There were five, I think, total, all five of which were admitted in this trial. And all of these were downloaded, I believe it was, within about a week, maybe ten days. Did that include the picture he took of his four-year-old daughter? That did include that picture within that time span. As a matter of fact, he was arrested within days of taking that photograph. So, I want to address, because the Lacey case was relied upon heavily by the district court. This court has decided that a lay jury can determine whether or not depictions are fabricated or photoshopped or whatever you want to call it, as opposed to real individuals. We have evidence here that this is his daughter. The mother of this child testified to that. That's not the subject of count one. It only exhibits eight and nine. Eight and nine are the two photographs. Right, but your argument that this wasn't real child porn runs into the teeth of the actual evidence in the case, which includes an image of him assaulting his daughter. I'm referring to the district court's application by analogy of Lacey to this particular case, saying that a lay jury can determine whether or not photographs are real or fabricated, and my position is as to exhibits eight and nine. First of all, Lacey was a sentencing matter with a preponderance standard, so it doesn't necessarily apply here. Secondly, these two exhibits, especially eight, it's a blurry picture. It's a self-taken photograph by the individual depicted. So neither one of these exhibits typically, because we do these cases, the NCEMC, they have a database. They know pretty well for a large majority of the cases whether or not it's an actual minor depicted in the photograph or not. That's not the case here. So we have a desert database from which to draw from, and based upon just the photographs themselves, I see I'm almost out of time, so based upon the photographs themselves, there's no way for a lay juror in the routine experience, that was the district court's reasoning, and routine experience for an adult male or an adult female, for that matter, to use the routine experience to age a post-teen, early adult female and determine through their routine experience, because I don't know where you get that routine experience from, whether or not that's actually a person that's over or under 18. We're requesting that the trial court's Rule 29 ruling be reversed, and the matter would then have to be remanded because it would change the sentencing guideline by one level. Thank you, Mr. Whalen. Mr. Whalen. Excuse me. May it please the court. Good morning, Your Honors. Nathaniel Whalen here on behalf of the United States of America. I think this court can conceptualize this as an evidentiary question, which we tried to brief under Rule 104, kind of the condition precedent of the admissibility of these images are that they depict minors, and so the age would be that condition precedent. Why? Well, because I'm not sure there's a very strong argument that these images are relevant if they don't depict minors.  Why would this be decided as a question of admissibility instead of evidence sufficiency? Well, I think it could probably be. I can't conceive of any judge not allowing these pictures in, and whether expert testimony is necessary goes to the question of sufficiency. I agree with that, Your Honor. It was framed as an evidentiary question. Right, but I understand that's how it was framed. It was not well-framed regardless, but I can't imagine why the government would want an opinion from this court saying this is a condition of admissibility, or at least potentially a condition of admissibility. That would be a really bad precedent in these cases. We aren't trying to advocate for a position or an opinion from this court one way or the other. We're trying to address the arguments that are raised. That's what the Justice Department does routinely. You're looking for a clear rule, right? So to frame this and accept the framing of this as a question of admissibility seems to me is detrimental to your client's interests. I do think it is better considered as a sufficiency argument. There are other courts that have considered the question of Rule 901, the authentication question, where a defendant raised a similar argument, and I think the courts of appeals have correctly said this really isn't a reliability authentication question. It is a sufficiency question, and I think this court would be best suited to treat it as a sufficiency question. Okay. And do you think—I mean, that's in no small part because the only issue we're talking about on this relates to what's embodied in the district court's order of November 14, 2018, and that's the denial of the Rule 29 motion. That is my understanding. So when we talk about these two exhibits and how old these kids are and all this other stuff, the only thing it relates to is the Rule 29 motion. That's what's attached as the very first pages of the required appendix. I don't know what else we're appealing the appeals from. Your Honor, I tend to agree with that. I agree that this is a sufficiency—excuse me, a sufficiency challenge, and I think this court should frame it that way. What I was going to say is no matter what way this court frames it, and I take Your Honor's points well that this should be framed as sufficiency, the Lacey opinion does, for all intent and purposes, control this court's analysis in this case. Lacey involved the question of whether a fact finder could look at an image and determine based on their common sense and experience whether it depicts a computer-generated image or an adult. This court said a fact finder doesn't need an expert to conclude that this is a real individual. The same analysis applies here. A fact finder doesn't need expert testimony to look at an image and determine whether it's a minor or an adult. In fact, I'd argue that fact finders are probably more or better suited to make the determination of age than they are computer versus real. We've all dealt with minors. We've all dealt with teenagers. We've all dealt with adults. We've all gone through puberty, as has everyone in the jury box. They're familiar with that. They might not be familiar with what computer-generated pornography looks like. And indeed, the Supreme Court's obscenity and variable obscenity doctrine entrusts these decisions to lay people. That's correct, Your Honor. And, you know, if you take a step back from the argument, what Mr. DeWitt's asking is he's asking this court, your three honors, to replace the jury's determination with your own. But there's no expert testimony to guide your analysis of this case, and so he's asking you to base this on your common sense, on your experience, and to look at these images and to plant the determination of the finder of fact, the jury, the district court who acts as the backstop in this case and who, in a sensing discussion, talks extensively about the number of child pornography cases that he's reviewed. Judge DiGiulio is very familiar with this type of case. He's very familiar with this evidence. And to Your Honor's point, he found that a reasonable juror could find these depicted individuals under the age of 18. Twelve reasonable jurors did find that in this case. Based upon his own review of the images, including the words that were used in the video image. That's correct, Your Honor, and I think that is an important point because though we didn't present an expert, as the federal rules define them, I think Mr. DeWitt is, I don't want to say an expert, but he's someone who's very familiar with minor girls. That's clear throughout the content of the chats. And when he sent these images to the undercover agent, he was representing to the agent, these are minors, these are the individuals that I'm interested in. They were consistent with what he said he liked, the developmental age and certain anatomical features that he described previously. And so the jurors were entitled to rely somewhat on his kind of characterization of these in making the determination as to whether they're under the age of 18 or not. Your Honors, I'm happy to address any questions on the chain of custody or the substantive reasonableness of the sentence if the court has any. Otherwise, we'd rest on our briefs on those points and ask that you affirm the judgment and sentence from below. Thank you, Mr. Raley. Thank you, Your Honors. Mr. Woodward, your time has expired, but you may have two minutes. I appreciate that, Your Honor. This scenario comes to mind. That is, how do we entrust a laid jury to determine whether or not someone who is perhaps one day under 18 years of age as opposed to someone who may be one day over 18 years of age, how do we entrust that decision to a laid jury, especially based upon, you know, we can look back and it's pretty clear at this point. Males, females, they're maturing at a much quicker rate than they did 100 years ago. That's clear. I just recalled as I was sitting there back, I think it was in the 90s, when, and I believe it was Calvin Klein Jeans, they were attacked for allegedly utilizing underage females in their ad campaigns when, in fact, they were using 20-some-year-old models in their campaign. Now, obviously, the general public was not able to decipher whether or not that was a minor or not, so how can we say that we're going to entrust this decision when someone's life and liberty is at stake to lay people without any expert testimony? Mr. Woodward, taking your point about the teenage to adult break line, let's say, we really have a different situation here, don't we? I mean, why couldn't a laid jury in a setting with the depictions make a reasonable judgment because of the apparent age? Let me address the exhibits in turn. Exhibit A is a self-taken photograph. It's blurry. It's taken from a distance. The individual has their face partially covered by the cell phone, which indicates that it's taken some time, I guess, in the last 10 years, I guess, right? Because it appears to be a smartphone, and with her hand over her lower section. Extremely difficult to tell just based upon hip, shoulders, and that type of thing. The other picture is clear, shows an individual self-manipulating, but just from the features, because she's sitting and her legs are drawn up, extremely difficult to tell just based upon body confirmation, and that's the answer you're on. Thank you. Thank you, Your Honor. Mr. Whalen, I'm going to thank you for accepting the appointment in this case. You're welcome. Court will proceed to the federal court.